The opinion of the Court was now delivered by
Smith, C. J.
The question is, whether the matter set forth in this plea in bar, viz. that another widow, the widow of one prior in seisin, has a claim of dower in the same land, is a bar to the plaintiff’s recovery.
To constitute a good bar, it must be shown that the plaintiff has no right. That two widows should be endowed out of the same messuage is no noveltjn (a) The case put by Perkins, § 315, and noticed by Lord Coke in his Commentary on Littleton, 31 a, shows that this may be the case in England. This plea is, therefore, bad, unless it can be maintained that Shubael Geer, the husband of the demandant, had no seisin in deed or in law, during the coverture, in the premises described in the writ; and that is the matter to be tried on the first issue. Co. Lit. 31a; Watkins on Descent, 49. The only objection stated to his seisin, in this plea, is, that another person was seised before him, whose wife is entitled to dower. But how does this show that Shubael Geer had no seisin? To constitute a claim to dower, it is not necessary that the husband should be seised of an indefeasible estate (though Shubael Geer had such an estate). 3 G. Bacon, 367 ; Perk. 420 ; 1 Inst. 31 a; Perk. § 315; F. N. B. 351. Lord Coke puts the case of grandfather, father, and son; and the grandfather is seised of three acres of land in fee, and taketh wife, and dietli; the land descendeth to the father, who dieth either before or after entry; the wife of the father is dowable ; clearly the wife of the grandfather is dowable. (b) Here there are *220 two widows dowable. The grandmother will have one acre for her dower. The wife of the father shall have a third of the remaining two acres, because her husband was not seised in deed or in law of the part which constitutes the dower of the grandmother. Her title .to dower is paramount to the title of the father. (a) It is more favored than his by descent, though the heir is an object of favor in the English law. Instantly, on the death of the grandfather, the father was seised of the two-thirds. Of the one-third, his seisin was defeated by the grandmother’s title to dower. Watkins, 46. As to this, he has only a reversion expectant upon á freehold, which is not a seisin which entitles the wife to dower. When the grandmother dies, the father’s wife shall not be endowed of this one-third ; and this is a case where, dos de dote peti non debet. Here the father’s title was by descent; and two widows are endowed in the same messuage; one of one-third; and the other of one-third of the residue, i.e. [of one-third of] two-thirds.
But the case further supposes that the grandfather had enfeoffed the father. Watkins, 94. In this case, the wife of the grandfather, on his decease, would have, for dower, one-third of the whole, and the wife of the father one-third of the remaining two-thirds. And,' in case of the death of the grandmother before the father’s wife, she would have dower in the other third, i.e. dos de dote: Watkins, 96; for here the husband was seised, and his seisin is not defeated by his mother’s dower. He is not seised so as to defeat the right of .the grandmother to dower, but so as to give his wife title to dower in the whole, when the grandmother’s title to dower ceases. If the father die first, and his wife have her dower assigned, then the grandmother can maintain her writ of dower against the mother. Watkins, 98, &c. Apply that to this case. We may suppose John Hubbard conveyed to Shubael Geer, and he to defendant. On the death of John Hubbard, his wife was entitled to dower, because John Hubbard was *221 seised. On the death of Shubael Geer, his wife was entitled to dower for the same reason ; but as her husband was seised subject to Prudence Hubbard’s claim to dower, that claim must be satisfied. Sally Geer will, therefore, be entitled to one-third of two-thirds, and one-third of the remaining one-third of the whole, on the death of Prudence Hubbard. Tt would seem, therefore, clear,6that it is immaterial, as to the rights of the parties, which died first, — John Hubbard or Shubael Geer. The after-seisin is good, except quoad the prior claims to dowei'. Supposing this to be the present case, the plaintiff is entitled to recover her dower, one-third of the whole, liable to be reduced to one-tliird of two-thirds, if Mrs. Hubbard should be pleased to demand her dower; which it is not likely she will, the estate of her husband being solvent, (a) , [1] But this is a matter of which William Hamblin, the defendant, cannot avail himself. As against him, the demandant has a good claim to one-third of the whole. If this should be reduced by Mrs. Hubbard's taking her dower, one-third of the whole, it is an affair that concerns the two widows. I should suppose that defendant will not be very anxious for such an event, because it will take from him one-third and one-third of two-tliirds, that is, five-ninths instead of tliree-ninths.
It is absurd to suppose, as this plea does, that the demand-ant’s right to dower, when she has in her favor the three incidents, marriage, seisin, and the death of the husband, should depend on the contingency of another, who has also a right, demanding or omitting to enforce her right. Lands subject to a title of dower were devised to a person in fee, who died leaving a widow; this widow sued for her dower, and recovered a third part of the whole, without any regard to the title of dower in the widow of the testator, who did not put her claim in suit: not having recovered her dower, it was to be laid out of the case. Hilchins v. Hilchins, 1 Cruise, 153, § 28.
It is a strong evidence against this plea, that it never was “before pleaded, and yet the case must have often occurred.
*222 This plea does not state that Prudence Hubbard did not join with her husband in conveying. As it admits an after-seisin in Shubael Geer, there must have been a conveyance of some kind from John Hubbard. But, as it is stated that Prudence Hubbard has a lawful claim of dower, perhaps it is sufficient.
But the plea is bad in substance. The matter set forth is no answer to the demandant’s claim¿.
After this opinion was delivered, the parties agreed that Shubael Gee[1]’ was lawfully married to the demandant, and, during the coverture, seised; and that he died before June 6,1806; on which day demandant lawfully demanded dower, which was refused; that defendant holds under Shubael Geer, and that improvements have been made, so that premises are increased in value since Shubael Geer’s seisin; and that the Court assess the damages, if any, due for detention of dower.
Judgment. That demandant recover her dower; and that a third part in value, according to the value when the husband conveyed, be assigned, &c. Annual income of one-third, at that time, $40. Stat. ed. 1805, 155.[1]

 Seo the ease put by Swift, I. 254, 255.
Divorce, under Connecticut act, in some cases, allows dower to the divorced wife.

 Is not this ease hotter stated in Perkins than in Coke?

 She is in from her husband, and not from the heir. Her estate is, as it were, the continuance of his, i. e. the husband’s. The heir has only a reversion. 1 Watt. 84.

 It is not unusual for dower to be claimed anew on eviction. Perkins, 379, 418, 419.

 See Muss v. Perry, 1870, 49 N. H. 547.

 This case was reported in a note to Fosdick v. Gooding, 1820,1 Greenl. (Me.) 30, 54.
The general doctrine, as to dower in lands subject to a prior right of dower, is fully discussed in 1 Scrib. Dower, c. 15, 311-320; and is also considered in 1 Bishop, Law of Married Women, §§ 275-277; 1 Washb. Beal Prop. 3d ed. 241-244 ; 4 Kent, 64; 1 Greenl. Cru. Dig. tit. VI. c. II. §§ 20-23, 28, n. 1.
In addition to the cases cited in the above works, see McLeery v. McLeery, 1876, 65 Me. 172; Reitzel v. Eckard, 1871, 65 N. C. 673; Peckham v. Hadwen, 1865, 8 R. I. 160; Steel v. La Frambois’s Adm’r, 1873, 68 Ill. 456.